Good morning. May it please the Court. Galit Lipa on behalf of Mr. Miles. No reasonable jurist could find that an attorney who fails to inform his client that he is facing a life sentence when discussing a six-year plea offer was acting within prevailing professional norms. As such, the State court applied the law unreasonably in this case. Mr. Miles is serving an indeterminate life sentence for passing a bad check. He – the district attorney in this case originally made an offer of six years, which was the maximum sentence for a second striker if Mr. Miles had a strike stricken and was treated as a second. It was little more than a bad check, wasn't it? Counterfeit? And I believe it was going into a cash-checking place and trying to get money on a check that was not good. And there were three counts of that. Because in his conversations with counsel when they discussed the check – I'm sorry, when they discussed the offer, his counsel did not inform him he was facing a life sentence, and in fact told him he could do better. Mr. Miles took his counsel's advice, not knowing that he was facing what was in fact a 75-to-life sentence, and passed on the offer. It expired, and he's now serving this life sentence instead of the six years. Now, did the complaint indicate that he was subject to the three strikes? It did. Do we charge Miles with knowing what's in the complaint? Well, there's no evidence that Mr. Miles did know what was in the complaint. And there – Mr. Miles does state that he believed that because his strikes were charged together, he didn't understand that they could be used separately as two different strikes. They were under one case number. They were dealt with together previously. It's not unreasonable – excuse me – for a lay person to believe that they would act as one prior strike. And we do have some guidance in this case from the circuit. Nunez v. Mueller is an AEDPA case out of this circuit with very similar facts. In that case, Mr. Nunez alleged that his attorney had misadvised and misinformed him of the details of his plea and that if he had known the details of his offer, he would have accepted it. And the Ninth Circuit in that case said that those assertions were enough to make a sufficiency – met the sufficiency requirements of Strickland, and that insofar as the State court was asking the defendant in that case to prove his case through his pleading, it was acting unreasonably. Let me – let me ask you a couple of – what relief are you seeking? We're seeking for the offer to be reinstated as permitted by Nunez. But the State court only acted upon the representations that were contained in the State habeas petition, correct? They just assumed they were true. Correct. Nobody's ever made any factual findings here? That's correct. So wouldn't there have to be some sort of factual determination about whether or not this really happened? Well, an evidentiary hearing may very well be appropriate in this case. You think he's entitled to relief just based on the allegations in the complaint without any factual determination, in fact, this really happened? No. We would – we would ask – I see the Court's point. We would ask for an evidentiary hearing and that if it was proven that the – So in light of pinholster, how do we – how do we order him a hearing? We would ask that it be – that the – this Court find that the State acted unreasonably and that it be remanded for a hearing. That is – that's what happened in Nunez. This Court has the – That was before pinholster. I understand. It was. But this Court has the ability to craft in a habeas proceeding the remedy that is appropriate for the case that has wide discretion in the case. Well, that's the district court assuming. I'm sorry? The district court could – if we ordered an evidentiary hearing, the district court would conduct the evidentiary hearing. I'm sorry. I don't understand. Well, I'm – well, so your whole claim here is based upon the fact that this petition for habeas corpus was filed in the State Supreme Court, correct? Basically the same thing. Correct. Right? Yes. And under California law, they presume the truth of the allegations for purposes of their summary disposition. They're supposed to, yes. Right. So then you come to us and you allege the same thing. The district court denied relief without an evidentiary hearing, correct? Correct. Okay. So nobody's ever determined whether or not this all, in fact, really happened. Correct. So one would think that he would not be entitled to habeas relief until there's some sort of factual determination that, in fact, his representations are true. That's right. And our claim is that the State court was purporting to take his claims as factually true. Right. But, in fact, couldn't have been, because they had to have made factual determinations or credibility assessments against. But your whole theory here is under 2254d-1 that there was an unreasonable application of Supreme Court law. Right. Or an unreasonable determination of the fact. But I didn't see 2254d-2 laid out in your ---- that was raised before the district court. The unreasonable determination of the facts. Yeah. It was laid out before this Court, certainly, and I can ---- I believe it was. I mean, we talk about Nunez at length and in Nunez's voice. Well, we don't know really what facts they determined anyway, because they just assumed the truth of all the facts, correct? Again, they purport to assume the truth of all the facts. It's a hard ---- Let me ask you one other question I have for you. What do we do with the Supreme ---- you know, the Supreme Court has two cases that are very similar to this one. Right now. Yes. Yes. Shouldn't we wait to see what they have to say about all of this? I did ask for a postponement in this case and was denied. You know, it might make sense to wait. As of right now, of course, there is a Ninth Circuit precedent that is binding on this Court and which does relate to this case. That's true. I mean, I guess you could say that, you know, if you take all his facts as true under existing case law, he might well be entitled to relief if it's ---- if those facts are proved to be what happened. And I guess we could remand it to the ---- if we agreed with you, we could send it back down to the district court for an evidentiary hearing, but we'd have to tuck it into one of ---- some basis for an evidentiary hearing. And it would have to be that under Pinholster, once we decide that there's been an unreasonable application of the facts, the restrictions on 2254-D1 don't apply anymore, and then you would be entitled to a hearing, assuming that you asked for ---- you know, you made a diligent effort to get a hearing in State court. Which we did. We did ask for a hearing in State court, and we did ask for all forms of relief in State court. Right. Okay. I'd like to reserve the rest of my time. Good morning, Your Honor. David Andrew Eldridge, Deputy Attorney General for Respondent. I have in the brief articulated why the claim ---- the petition is untimely, and why under Tollett v. Henderson and Herring v. Prosse, the claim is not even cognizable, because the claim that Attorney Meyer did something on ---- in June or July of 2005, was not ---- does not show that the later plea on the advice of Attorney Oliver somehow violated strictly itself. But to the extent the court is curious about whether or not the State court had to find out that Attorney Meyer's conduct was sufficiently pled to require a hearing, what's important is to, again, put yourself in the position of Mr. Meyer, or certainly as the State court could have understood Mr. Meyer's position to be. Mr. Meyer is not shown to have had anything until the day he showed up, before there was a hearing, any disclosure of any factual information. He gets there, and even according to the facts as stated by the petitioner, he's there, he's heard that there's a six-year offer, I don't know whether that's true, and at that point, according to them, the only rational thing that any attorney could have done was told him, accept the plea. At that point, if I'm Mr. Meyer, I don't know whether the charges are valid, I don't know whether there's a factual basis for knocking these down to misdemeanors, I simply don't know much of anything. I don't know, by the way, whether there will be future charges against the defendant, in fact, there turned out to be, which would make taking a six-year deal right now pretty much worthless. I just don't know much at all at that point, and so the idea that the only thing I can do, the only conceivable rational course is to recommend that you take this plea is ridiculous. In fact, if I do that, and if it later comes out, there are all these things that I could have found just by waiting a couple of days, investigating the charges, we would surely be here on a claim that it was ineffective to simply advise him to take the plea at that moment without at least looking into it. So I don't buy most of the factual assertions, and I also don't agree that the state court automatically assumes the truth of whatever's said in the petition, no matter how ridiculous it is. And as we pointed out in the brief, given the omissions, the accounting of the conversation is something the state court could have found to be ridiculous. The idea that the attorney would have said nothing in response, the state court could find that to be ridiculous. That in fact, yes, he would have asked that question. Yes, he would. Counsel, I think that you're in fact fortifying the idea that we ought to have a hearing to find out what was known and what happened. All that we know at the moment is that a six-year offer, plea offer, was turned down, and the individual ends up getting life. Don't you think that we should try to find out what counsel knew, what he told his client? It seems to me it cries out for an evidentiary hearing. I do not, Your Honor, and the reason is it is not for the Federal courts to determine this in the first instance. Well, that's right. We would send it back for a hearing by the State court. It is – well, you can't do that, Your Honor, unless the State court was required to hold a hearing, either because – you can't do anything but deny the writ unless they show an exception under 2254d. There's no requirement that the State court actually have found what the facts were, because even the facts as alleged, as pointed out in the brief, can support the determination there was no ineffective assistance of counsel. Nor is there a problem under D-1, because for all the arguing that under State law something has to be presumed true, has nothing to do with Supreme Court precedent. Supreme Court has never said, for example, that upon some particular prima facie showing, a State court must do one thing or another. So any arguments as to what State law is really don't matter, unless the United States Supreme Court has said the Constitution itself requires the State court to have a hearing on some particular prima facie showing. But what are the issues that are currently before the Supreme Court in these two cases? I believe it is indeed whether or not there is a right to effective assistance of counsel, whether it be measured under Strickland, when there is no plea. Rather, the claim is that because of counsel's alleged deficiency, I didn't plead guilty. And whether or not that even can result in a grant of relief. The thing is, no matter what the court says in that, in those circumstances, that will be new law. That will be a new determination by the State court, I mean by the Supreme Court. So it cannot possibly affect the validity of what the State court did in the past. Say that again. I'm not quite sure I follow that line of reasoning. Whatever it will be, it will be a new decision by the United States Supreme Court. The State court's determination cannot be unreasonable retroactively based on whatever the Supreme Court will hold in the future. So there is no reason to wait. Well, sometimes the Supreme Court makes its cases retroactive. Sometimes it doesn't. So how can you say that? Your Honor, you are correct. If indeed they made it retroactive, then at that point what the defendant would be able to do was go file another claim in the State court. And then if the State court unreasonably denied relief in light of the law that then exists, made retroactive, they could file another petition in this court. And Congress, in fact, anticipates that sometimes that will have to happen, because they allow for filing of successive petitions in Federal court. You just have to meet certain standards. So is it your view that a claim of ineffective assistance of counsel doesn't apply in the plea negotiation process? Well, I don't generalize it as to the plea negotiation process. What the United States Supreme Court has had before are situations where the defendant, after having had some negotiations, does enter a plea. They haven't had the situation before them where the defendant doesn't. So the laws that they've applied when the defendant executes a plea, waives his rights, those do not logically apply when the defendant has not done so. Or even if one thinks it's logical, certainly a fair amount of jurists could debate the point whether or not there's any application at all to the situation where what the defendant is left with is what, in fact, the Constitution considers the default, a trial. Well, we may want to wait to see what they say before we do anything. I can hardly stop you or argue too vehemently about the Court waiting a bit. However, whatever adverse decision they have, you cannot allow for the defendant to get relief. Well, maybe, you know, it might be prudent on our part. I don't know. We might, you know, we might want to wait just to see what they say. I'm not going to vehemently object to that. You know. I have a question. And were these facts before the State court, the fact that there had been this prior advice by counsel, were those facts before the State court? The State court petition did include a declaration by a petitioner that a six-year offer had been extended and that counsel said that he thought he could do better, that the defendant said okay, the defendant, in fact, wanted a better deal if he could get it. The defendant claimed he didn't. Well, that, excuse me, that being the case, what is the reason that the State court would not want to know what really happened? Because, Your Honor, as State law has articulated, habeas review is not a basis for exploration. Unless the defendant articulates in his petition the totality of the circumstances that faced counsel, then he hasn't even shown a prime basis for relief. Putting some skeletal declaration together to say he didn't do this, he didn't do this, and so give me a hearing isn't enough. You have to show everything counsel had before him. Because, again, it is presumed that counsel's conduct was reasonable. So it is presumed that even where ---- Wait a minute. It's presumed that it made sense. It didn't make sense if the facts that are alleged are true. I cannot agree with you, Your Honor, because even taking the facts as alleged, there was reason for counsel not to immediately recommend taking a plea. Finding out a little more about the facts, finding out a little more about whether or not there was any realistic basis for these charges, cannot possibly be beyond the pale of reason. So there was more than one realistic option than to just say take the plea right now, let's not do anything else, just take the plea. And at a minimum, reasonable jurists could debate the point. Well, what would be the reason for not taking a plea? Because while we know the charges are valid now, Attorney Meyer, who had just gotten on the case, can't be ---- there's no showing that Attorney Meyer should have known that. There's no showing that Attorney Meyer couldn't have thought, I might well be able to make these misdemeanors. They are wobblers under California law. It might be that, indeed, the two priors aren't separately sensible. He didn't know any of that. And so the idea that because we know now what he's facing, that somehow Attorney Meyer had to know is exactly the hindsight that Strickland forbids. Why wouldn't we want to have a hearing to determine what he did know? I understand judicial curiosity to want to know exactly what happened. But the question is whether the state court was compelled to begin an investigation as to what happened. And they were not. Why wouldn't it be? Why wouldn't the state court be compelled to find out that before it makes a decision that it's all right, that it was appropriate for the counsel to decide that? Because there is no Supreme Court case, Your Honor, which requires a state court to satisfy itself that what is presumed to be true, that counsel performed adequately, is in fact true. A state court may hold a petitioner to the very strong standard of saying, unless you have shown me something which is inconsistent with the strong presumption that counsel acted adequately, then I'm denying relief. I do not have to then hold a hearing as a state judge under the compulsion of the Supreme Court precedent to make sure that indeed somehow the presumption has been overcome, the presumption which I'm supposed to apply strongly. I have no particular affirmative points to make further, Your Honor. Thank you. Thank you, Your Honor. Thank you. I just want to address a couple points that were made. The first is this idea that the attorney was not compelled to tell the client that he should take the plea. Of course, that's not what we're saying. What we're saying is that the bare minimum of counsel acting competently is to inform a client of the maximum he is facing. And there seems to be some question about whether he knew that that was what he was facing. At the time, that's what Mr. Miles was charged with. We know that that's what he was charged with and the sentence he was facing. There is no conceivable reason to not inform a client that they are facing a life sentence. You might then make all kinds of advice or promises saying I will look into it, you know, give considered advice about whether someone should take the plea. But whether they're facing the life sentence is not at question. Does he say in his affidavit, I can't remember, but does he say how long the offer was on the table? He doesn't say. It was a pre-prelim offer and don't know how long it is on the table. And it's not uncommon for pre-prelim offers to be made, for those to be needed to be decided quickly. It's not unreasonable to expect an attorney who deals with restrikers to come in to be able to read the pleadings and to be able to assess what the maximum is. And that is often done quickly in court. As to the issue of timeliness, I won't go into it because I think we discussed it in our briefing, but Walker v. Martin, I believe, precludes any suggestion that are. Is there any indication that the offer was taken off the table? Yes. He, in his declaration, says that the next time he sees his attorney, Meyer, he says it was taken off the table. And then they go to prelim. The last issue I want to raise is this issue that the Supreme Court could have found it ridiculous. And, of course, ridiculous isn't. You're talking about the Cal Supreme Court? Yes. I'm sorry, the California Supreme Court. And ridiculous is not a legal standard that I'm familiar with. They are, in fact, required to take the facts alleged unless they are conclusory or speculative. And this Court has, again, said that when an evidentiary hearing is required, unless the record conclusively establishes a fact or a petitioner's factual allegations are entirely without credibility in Perez v. Rosario. And we're just not anywhere near that. Mr. Miles' allegations are very basic. They're not entirely without credibility. And there's nothing in the record that conclusively establishes, frankly, any fact. So this idea that they could have just found it ridiculous goes back to the notion that he would have been required to prove his case with certainty at the pleading stage, which is an unreasonable application of the law because one cannot be expected to do that. Unless there are any other further questions. Thank you very much. Thank you.  The matter is submitted.
judges: Hug, B. Fletcher, Paez, Cjj